Per Curiam,
The fact that Mary Elizabeth Edgar has been absent and unheard of for more than seven years did not give the orphans’ court power to order the sale of her land. Such power could only be acquired under the Act of 1853, and that Act confers such jurisdiction under certain conditions only. One of these conditions is that all parties in being, having any interest in the land proposed to be sold, however remote, shall have notice, and, if personal notice cannot be had, then by publication. It follows that the orphans’ court was powerless to order the sale under which the plaintiff claims, and its action in the premises was void. • The constitutionality of the Act itself can be sustained only on the legal presumption, much older than the Act, that one who has been absent and unheard of for the period of seven years is dead, a presumption unwarranted in fact; for, by the life-tables, as to persons under thirty years of age, the presumption is the very contrary, unless, indeed, one’s absence from, and want of communication with, his former place of abode, may be supposed to shorten his life. But we desire not to impugn the validity of the Act, but only to show that, of necessity, it must be strictly construed, and that a living person can be deprived of the enjoyment of his or her property only under a strict compliance with its terms and conditions. They have, in this case, not been complied with, and we must therefore concur in the opinion of the court below, and affirm its judgments.
The judgments in the above stated cases are severally affirmed.